Brian Hauck (SBN 303058)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:  (213) 239-5100
Facsimile:  (213) 239-5199
bhauck@jenner.com

John F. Ward, Jr. (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
jward@jenner.com

Lauren J. Hartz (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave. NW, Suite 900
Washington, DC 20001
Telephone:  (202) 639-6000
Facsimile:  (202) 639-6066
lhartz@jenner.com

*Attorneys for Defendant The Hertz Corporation*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| RONALD G. DENICOLO, JR., and MICHAEL G. FOX, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION and VIKING CLIENT SERVICES, INC., d/b/a VIKING BILLING SERVICE,<br><br>Defendants. | Case No. 4:19-cv-00210-YGR<br><br>**THE HERTZ CORPORATION'S REPLY IN SUPPORT OF MOTION TO SEVER CLAIMS, OR, IN THE ALTERNATIVE, STAY ACTION**<br><br>Date: September 29, 2020<br>Time: 2:00 p.m.<br>Location: Courtroom 1, Fourth Floor<br>Judge:  Honorable Yvonne Gonzalez Rogers |

1    Defendant The Hertz Corporation ("Hertz") hereby files this reply in support of its Motion

2  to Sever Claims, or, in the Alternative, Stay Action ("Motion") (ECF No. 132).

3                                        **DISCUSSION**

4         1.      In *Plaintiffs' Response to The Hertz Corporation's Motion to Sever Claims and*

5  *Opposition to Stay of Action* (ECF No. 134) ("Response"), Plaintiffs expressly agree with Hertz

6  that Plaintiffs' claims against Hertz "should be severed into an independent proceeding." Resp. at

7  1. Plaintiffs concede that their claims against Hertz "are not inextricably intertwined with [their]

8  claims against Viking," *id.*, are only "tangentially related" to the actions giving rise to Plaintiffs'

9  claims against Viking, *id.* at 2, involve "distinct facts and legal questions," *id.* at 3, and do not

10 require "simultaneous resolution" with the Viking claims. *Id.* Accordingly, the Court should enter

11 the proposed order (ECF No. 132-3) filed with the Motion, severing the claims against Hertz into

12 a separate action and dismissing Hertz from this case.

13        2.      The bulk of the Response addresses Hertz's alternative request for relief: a stay of

14 the instant action. But this alternative request for relief is conditioned upon a finding that the

15 claims against Hertz and Viking are "inextricably intertwined." Mot. ¶ 19. As the parties agree

16 that "distinct facts and legal questions are at issue with respect to each Defendant," Resp. at 3,

17 *accord* Mot. ¶ 2, the Court does not need to reach Hertz's alternative request to stay the

18 proceeding.

19        *3.*     Hertz agrees with Plaintiffs that severed claims should be related back to this Court

20 under Local Rule 3-12 in the interest of judicial efficiency and in solicitude of the Court's

21 familiarity with the claims. *See* Resp. at 5. However, Plaintiffs argue that relation back is justified

22 because their claims against Hertz "involve the same corporate conduct, contractual agreements,

23 and activities as those against Viking" and "the facts relevant to both claims largely overlap."

24 Resp. at 5. The Court should reject this assertion in full, as it conflicts with Plaintiffs' extensive

25 admissions that the factual and legal bases for the Hertz and Viking claims are distinct and

26 undercuts the basis for severing Hertz's claims. Plaintiffs cannot litigate against Viking during the

27 pendency of Hertz's automatic stay to advance their claims against Hertz. If the Court believes

28 that the claims truly involve the same "corporate conduct, contractual agreements, and activities,"

1   it should stay the entire proceeding. *See Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.*, No.

2   3:15-CV-849-J-34PDB, 2017 WL 5256870, at *5 (M.D. Fla. Nov. 13, 2017) (stay "appropriate to

3   avoid piecemeal litigations" of claims "comprised of common questions of law and fact more

4   suitably resolved in a single proceeding").

5                                          **CONCLUSION**

6          For the foregoing reasons, Hertz respectfully requests that this Court enter an order

7   severing Plaintiffs' claims against Hertz.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  Dated:  September 11, 2020

3

4
By  /s/ *Brian Hauck*

5
BRIAN HAUCK

6
One of the Attorneys for Defendant
THE HERTZ CORPORATION

7

8
Brian Hauck (SBN 303058)
JENNER & BLOCK LLP

9
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054

10
Telephone:  (213) 239-5100
Facsimile:  (213) 239-5199

11
bhauck@jenner.com

12
John F. Ward, Jr. (*pro hac vice*)

13
JENNER & BLOCK LLP
353 N. Clark Street

14
Chicago, IL 60654
Telephone:  (312) 222-9350

15
Facsimile:  (312) 527-0484
jward@jenner.com

16

17
Lauren J. Hartz (*pro hac vice*)
JENNER & BLOCK LLP

18
1099 New York Ave. NW, Suite 900
Washington, DC 20001

19
Telephone:  (202) 639-6000
Facsimile:  (202) 639-6066

20
lhartz@jenner.com

21
*Attorneys for Defendant The Hertz Corporation*

22

23

24

25

26

27

28

HERTZ'S REPLY IN SUPPORT OF MOTION TO SEVER OR STAY
Case No. 4:19-cv-00210-YGR