# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD G. DENICOLO, ET AL.,**<br>   Plaintiffs**,**<br>   vs.<br>**VIKING SERVICES.,**<br>   Defendants**.** | CASE NO. 19-cv-00210-YGR<br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br>Dkt. No. 142 |

Defendant Viking Client Services, LLC has filed a Motion for Leave to File a Motion for Reconsideration, pursuant to Civil Local Rule 7-9(b)(3). (Dkt. No. 142). Viking seeks reconsideration of the Court's September 30, 2020 Order Denying Viking's Motion for Summary Judgment. (Dkt. No. 137 ["Order Denying Viking's MSJ"].) Having considered the papers submitted, the Court **DENIES** the Motion for Leave to File a Motion for Reconsideration.

Under Rule 54(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Local Rule 7-9(b) requires that a party seeking leave to file a motion for reconsideration show reasonable diligence in making the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Pursuant to Local Rule 7-9(c), "[n]o motion for leave to file a motion for reconsideration may

repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000).

Viking argues that reconsideration should be granted on the grounds that "the Court did not consider material facts that were presented to the Court before the Order." (Dkt. No. 142 at 2.) More specifically, Viking argues that the Court did not consider that plaintiff received reimbursement for the cost of renting the vehicle from his employer, which Viking contends would establish that the debt for the alleged rental car damage was one incurred primarily for business purposes under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(5). In its proposed motion for reconsideration, Viking argues that the Court's decision relied on the facts that plaintiff booked the rental himself and did not use a company credit card, facts that neither party had cited in their briefing. Viking argues:

> The parties did not address these issues because the car rental was reimbursed as a business expense. Had the Court considered this important and material fact, there would have remained no facts whatsoever showing that plaintiff's purpose for renting the vehicle could have been personal. . . .

(Dkt. No. 142-1 at 2.)

First, Viking did not offer evidence of what it now characterizes as an "important and material fact"—employer reimbursement—in its motion for summary judgment.[1] In the Order Denying Summary Judgment, the Court cited to pages ***32-33 and 36*** of the DeNicolo deposition on the issue of the competing, contradictory facts creating a triable issue under *Slenk v. Transworld Sys. Inc*., 236 F.3d 1072 (9th Cir. 2001). (*See* Order Denying Viking MSJ at 8-9.) On reconsideration, for the first time, Viking seeks to submit ***pages 37-42*** of the DeNicolo deposition—evidence in its possession but not proffered previously in connection with its motion for summary judgment briefing. Likewise, Viking did not assert employer reimbursement as

---

[1] Indeed, as the Court pointed out in the Order Denying Viking's MSJ, Viking failed to offer admissible evidence in support of its motion at all, since it merely attached an assortment of exhibits to its brief with no accompanying declaration. (Order Denying Viking's MSJ at 12 n. 5.)

material fact in its separate statement and did not argue in its briefing that reimbursement of the rental fee by the employer would establish that money owed for damage to the rental car was a business expense. (*See* Dkt. No. 105 [motion brief], 105-1 [separate statement]; Dkt. No. 105-7 [excerpts of DeNicolo Depo, pp. 1-4, 21-36, 45-56, 69-92]; Dkt. No. 116 [reply brief]; Dkt. No. 116-3 [reply separate statement].) Thus, Viking fails to establish "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Second, even if the Court were to find it appropriate to consider evidence Viking failed to present in support of its motion, despite its ability to do so, Viking does not offer any authority suggesting that an employer's reimbursement of the *rental* expense would be a dispositive factor for determining whether a debt for the cost of *damage* to that car would be a personal or commercial debt under the FDCPA. *See Slenk*, 236 F.3d at 1074 (courts must "examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature," neither creditor's motivations nor manner in which the obligation is documented have dispositive weight).[2] In other words, even if Viking had presented the evidence it previously omitted, it has not shown the evidence would change the result on the merits of the summary judgment motion.

In short, Viking has failed to establish grounds for reconsidering the Court's Order Denying Viking's Summary Judgment Motion. The Motion for Leave to File a Motion for Reconsideration is **DENIED**.

This terminates Docket No. 142.

**IT IS SO ORDERED**.

Dated: October 27, 2020

_____
**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Viking's argument also assumes that if an employer reimbursed the rental cost as a business expense, it would also have reimbursed the cost of repairing any damage plaintiff might have done to the rental car, a premise not supported by any evidence or authority offered by Viking.

3