UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD G. DENICOLO, ET AL.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**VIKING SERVICES.,**<br><br>Defendants. | CASE NO.  19-cv-00210-YGR<br><br>**ORDER REGARDING TEMPORAL SCOPE OF CERTIFIED CLASSES; SETTING CASE MANAGEMENT CONFERENCE**<br><br>Dkt. No. 142 |

In its March 29, 2021 Order Granting Motion to Certify Class, this Court certified three classes:

> (1) an Illinois Resident Class, represented by plaintiff Denicolo, alleging violations of the Illinois Vehicle Code ("IVC"), 625 ILCS § 5/6-305.2 and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. sections 1692f and 1692e
>
> (2) a California *Rental* Class, also represented by plaintiff Denicolo, also under the FDCPA; and
>
> (3) a California *Resident* Class, represented by plaintiff Fox, under California law, *i.e.*, Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Code § 17.1800; the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and the Consumer Remedies Act ("CCRA"), Cal. Civ. Code §§ 1750, *et seq*.

In that Order, the Court directed the parties to file a joint statement regarding the temporal limitations on the class definitions. (Dkt. No. 150.) The parties filed their joint statement on April 12, 2021. (Dkt. No. 151.)[1] The Court subsequently ordered additional briefing on the scope and relation back issues raised. (Dkt. No. 155.) The parties' Further Joint Statement was filed on July 9, 2021. (Dkt. No. 156.)

In their statements, the parties agreed that the class periods should run from January 11, 2018 through March 29, 2021 with respect to the Illinois Resident Class and the California ***Rental***

---

[1] The Court notes that defendant has filed a petition for permission to appeal the class certification order pursuant to Rule 23(f) on April 12, 2021. (Dkt. No. 152.) That request was denied by the Ninth Circuit's Order issued June 7, 2021. (*See* Dkt. No. 154.)

1  Class, based on the one-year statute of limitations applicable to the claims alleged on behalf of
2  those classes and the filing date of the original complaint here, January 11, 2019.  The parties
3  disagree as to the appropriate class period for the California *Resident* Class, represented by
4  plaintiff Fox.

5  The Court has reviewed carefully the statements filed, as well as the pleadings and papers
6  filed in this matter, and **ORDERS** that the California Resident Class runs from October 14, 2015 to
7  March 29, 2021.  The reasons follow.

**I.    BACKGROUND**

The original complaint in this matter, filed January 11, 2019, was brought on behalf of plaintiff Ronald G. Denicolo Jr. only, alleging claims for violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. sections 1692f and 1692e, as well as a claim for violation of the Illinois Vehicle Code, federal Declaratory Judgment Act, and a common law claim for breach of the covenant of good faith and fair dealing.  (Dkt. No. 1.)  The parties later stipulated to permit the original complaint to be amended to add plaintiff Michael G. Fox and his claims under the Rosenthal Act, CLRA, and UCL, after plaintiff Fox exhausted the pre-filing requirements of the CLRA by a September 11, 2019 demand letter served on Viking.  (*See* Dkt. No. 79, Stipulation, at 3-4.)  The First Amended Complaint was filed thereafter on October 14, 2019.  (Dkt. No. 82 ["FAC"].)

**II.   DISCUSSION**

Plaintiffs contend the relevant class period for the California Resident Class begins on January 11, 2015, or four years prior to the *original* complaint, based upon the statute of limitations for a UCL claim, the longest of the applicable limitations periods for this class. Defendant counters with two arguments: (1) the claims alleged by plaintiff Fox were first alleged in the FAC here and do not relate back to the filing of the original complaint; and (2) scope of the California Resident Class is limited to the one-year period applicable to a Rosenthal Act claim.

**A.    Fox and the California Resident Class's Claims Do Not Relate Back**

First, as to the relation back question, the Court finds that the claims of the California Resident Class represented by plaintiff Fox do not relate back to the filing of the original

1  complaint. Federal Rule 15 provides that an amendment relates back to the date of the "original
2  pleading when the law that provides the applicable statute of limitations allows relation back" or
3  "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence
4  set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(A), (B). An amendment adding a
5  plaintiff relates back to the date of the original pleading "only when: (1) the original complaint
6  gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation
7  back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the
8  original and newly proposed plaintiff." *Immigrant Assistance Project of Los Angeles Cty. Fed'n of*
9  *Lab. (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 857 (9th Cir. 2002). Identity of interest exists when
10 "[t]he circumstances giving rise to the claim remained the same as under the original complaint."
11 *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 385 (9th Cir.1982).

12 Here, the original complaint did not give defendant adequate notice of the claims of Fox
13 and the California Resident Class, nor is there an identity of interests between Fox and Denicolo in
14 the claims they allege on behalf of the respective classes they represent. Although similar, Fox's
15 claims differ from Denicolo's in significant ways, factually and legally. DeNicolo only alleged
16 only claims under the FDCPA concerning first notices of damage more than 30 days after the
17 alleged damage occurred, while Fox asserts claims under California law for alleged failure to
18 provide debt validation disclosures.

19 Further, the legal requirements of the claims differ. Fox's claim under the CLRA includes
20 a specific requirement that a claimant submit to defendant a *pre-filing* notification.[2] Also, under
21 plaintiffs' theory of the case, the Rosenthal Act claim includes more expansive disclosure
22 requirements which attached immediately upon sending the first letter to a putative class member.
23 Consequently, the "only factual difference" between Fox and DeNicolo—the timing after the
24 alleged vehicle damage—is essential to plaintiffs' theory that letters like the one Fox received, just
25 24 days after the purported damage to the vehicle he rented, violate the Rosenthal Act. Because

---

[2] The CLRA's notice provision requires any person seeking to commence an action for damages thereunder to notify the defendant and demand that it correct the alleged violation 30 days prior to filing the action. Cal. Civ. Code 1782(a).

1  Fox received his letter less than 30 days after the alleged damage, he would *not* be a member of
2  the *other* classes alleged, underscoring the difference in interests, and the lack of notice to Viking
3  of the new claims added in the FAC. *Cf. Immigrant Assistance Project*, 306 F.3d at 857-58
4  (substitution of two similarly situated immigrant detainees alleging the same claims as class
5  representatives related back; identity-of-interest requirement met and defendant INS was given
6  adequate notice of their claims); *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-
7  02219-JST, 2014 WL 2860318, at *2–3 (N.D.Cal. June 23, 2014) (adequate notice and identity of
8  interests where additional plaintiffs asserted the same claims).

9  The circumstances here are more in line with those in *Wright v. Frontier Mgmt. LLC*, No.
10 2:19-CV-01767-JAM CKD, 2021 WL 428626, at *3-4 (E.D. Cal. Feb. 8, 2021), where the court
11 rejected an argument that the newly alleged state wage and hour law claims should relate back to
12 the filing of the original complaint alleging federal wage and hour violations. As stated in *Wright*,
13 "[a]lthough the basic facts of Defendants' allegedly unlawful wage and hour practices are the
14 same under federal law, the state standards vary such that a defendant facing multi-state claims
15 must analyze its records and scope of liability under each state law separately" and defendants
16 would not be on notice to do so until at least one plaintiff from the state had been joined as a
17 named plaintiff. *Id*. (internal citation omitted). Likewise, here, the alleged federal claim in the
18 original complaint did not put defendants on adequate notice of the different California
19 requirements and liabilities it might face until the amended complaint alleging claims by a
20 California plaintiff under the Rosenthal Act, UCL, and CLRA.

21 Based on the foregoing, the Court concludes that the claims of Fox and the California
22 Resident Class do not relate back to the filing of the original complaint here, and the temporal
23 scope of that class is based on the October 14, 2019 filing of the FAC.

24 **B.   The Scope of the California Resident Class Is Based On the UCL's Four-Year Statute of Limitations**

25 Viking argues that the California Resident Class class period should be restricted to the
26 one-year Rosenthal Act time limit. Both the Ninth Circuit and California Supreme Court have
27 expressly rejected this argument. *See Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th
28

4

163, 178-179 (2000) (holding 4-year statute of limitations of UCL "admits of no exceptions" and controls even if the "borrowed" law being sued upon provides a shorter period of limitations); *Beaver v. Tarsadia Hotels*, 816 F3d 1170, 1178 (9th Cir. 2016) (holding that the UCL's longer limitations period applies even when it is premised on the underlying violation of a statute with a shorter limitations period). Defendants' poorly articulated contentions that application of the longer statute of limitations will present manageability difficulties fails to persuade and does not appear to be a valid basis for cutting off the claims properly covered by the amended complaint.[3]

### III. CONCLUSION

The Court therefore **ORDERS** that the class definitions in the Court's March 29, 2021 Order are amended to clarify that they encompass all such conduct during the relevant class periods of: (1) January 11, 2018 through March 29, 2021 with respect to the Illinois Resident Class and the California Rental Class and (2) October 14, 2015 to March 29, 2021 with respect to the California Resident Class.

With the temporal scope issues resolved, the Court must set a case management schedule for discovery and trial. The Court **SETS** as case management conference for **August 30, 2021** at 2:00 p.m. on the Court's Zoom videoconference platform. The parties shall file their updated case management statement no later than **August 23, 2021**.[4]

**IT IS SO ORDERED**.

Dated: July 19, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[3] The Court notes that it recently conducted a jury trial in a class action lawsuit involving multiple state statutes with varying limitations periods.

[4] In their July 9, 2021 Joint Statement Regarding Temporal Limitations, the parties raise further refinements to the class definition that they believe are necessary. (*See* Joint Statement at 6:13-8:5, 14:8-23.) The Court does not reach those issues in this Order, given that the parties appear to be in the process of meeting and conferring over potential resolutions or considered positions. The parties may propose ways to resolve those issues in their joint case management statement.