UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD G. DENICOLO, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VIKING CLIENT SERVICES, INC.,**<br><br>Defendant. | Case No.  4:19-cv-00210-YGR<br><br>**ORDER DENYING LEAVE TO AMEND AND TERMINATING THE CASE**<br><br>Re: Dkt. Nos. 187-189 |

On April 1, 2022, the Court granted defendant's motion to dismiss for lack of Article III standing in light of the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ("*TransUnion*").  (Dkt. No. 187.)  The Court assumes the parties' familiarity with that order.  Relevant here, the motion papers included very little argument or evidence to demonstrate that any unnamed class member had standing.  Rather than terminate the case, the Court directed the parties to meet and confer about how the class may proceed in light of the Court's order.  Those meet and confer efforts have been futile.  (Dkt. No. 188-89.)

Plaintiffs' counsel continues to argue before the Court that they should be permitted leave to amend their complaint to substitute new plaintiffs that would have standing since thousands of other members of the certified class have allegedly sent Viking money in response to unlawful letters. (Dkt. No. 189.)  However, plaintiffs have failed to demonstrate that any unnamed class member relied upon the letters to their detriment.  Not one unnamed class member has been identified and no evidence has been submitted in support of their assertion.  This is significant after years of discovery, litigation, prior amendments, changing theories of the case, and modified class definitions.

As the prior order demonstrates, *TransUnion* is significant in defining the standing analysis.  It is also significant in the class certification context.  The Ninth Circuit recently

1 acknowledge that, "[b]ecause the Supreme Court has clarified that [e]very class member must have Article III standing in order to recover individual damages, Rule 23 also requires a district court to determine whether individualized inquiries into this standing issue would predominate over common questions[.]" *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 668 n. 12 (9th Cir. 2022) (citations omitted) (cleaned up).

Plaintiffs' *second* cursory and conclusory request for leave fails to address the viability of maintaining the class. The Court declines the invitation to speculate and make argument on plaintiffs' behalf, especially where the burden is on plaintiffs to establish that subject matter jurisdiction is proper. "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "A district court may decertify a class at any time." *Rodriguez v. West Pub'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

Here, a notice plan was never approved even though the class had been certified. The significant questions left open by the order justify decertification of the class without prejudice to absent class members. Furthermore, prejudice to the defendant also arises when granting leave to amend would create additional discovery or cost by altering the nature of the litigation or causing additional delay. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is no doubt leave would do so here.

Therefore, in light of the foregoing, plaintiffs' request for leave is **DENIED**. The Clerk is **DIRECTED** to terminate the case.

**IT IS SO ORDERED.**

Dated: May 16, 2022

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE